**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4516**

———————————

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

   v.

SAMUEL LEE HORTON, II,

          Defendant – Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:09-cr-01311-HMH-1)

———————————

Argued:  September 18, 2012      Decided:  November 19, 2012

———————————

Before TRAXLER, Chief Judge, and DIAZ and THACKER, Circuit
Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ARGUED:** David Bruce Betts, Columbia, South Carolina, for
Appellant.  Jimmie Ewing, OFFICE OF THE UNITED STATES ATTORNEY,
Columbia, South Carolina, for Appellee.  **ON BRIEF:** William N.
Nettles, United States Attorney, Columbia, South Carolina, for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Lee Horton, II appeals his sentence for making a false statement in a passport application in violation of 18 U.S.C. § 1542. Specifically, Horton challenges the district court's decision to vary from the guidelines and impose a 120-month prison sentence, the statutory maximum for the offense. We affirm.

## I.

### A.

Horton and his wife divorced in February 2009. The divorce decree granted his wife custody of their two minor children and Horton visitation rights. The same day the divorce became final, Horton falsified his wife's signature on a passport application for the purpose of obtaining a passport for his daughter. In April 2009, Horton picked up his then three-year-old daughter for what he told his ex-wife would be a nine-day trip to Disney World in Florida. Instead, he took her to Thailand, arriving on April 9, 2009. Law enforcement officials located and apprehended Horton in June 2010, fourteen months later, and returned him and his daughter to the United States.

### B.

Horton pleaded guilty to a single-count indictment charging him with making a false statement in a passport application in

2

violation of 18 U.S.C. § 1542. Horton's presentence report ("PSR") determined that the sentencing guideline for passport fraud, U.S.S.G. § 2L2.2, required a cross-reference to the guideline applicable to International Parental Kidnapping, U.S.S.G. § 2J1.2. The cross-reference resulted in a higher base offense level and the PSR calculated a total offense level of 16 that, combined with Horton's category II criminal history, resulted in an advisory guideline range of twenty-four to thirty months' imprisonment. The statutory maximum prison sentence for violation of the international parental kidnapping statute, 18 U.S.C. § 1204, was thirty-six months. The statutory maximum sentence for making a false statement in a passport application, the charge to which Horton pleaded guilty, was 120 months. Neither party objected to the PSR.

At Horton's sentencing hearing, the government moved for a variance or departure above the top of the advisory guideline range. The district court granted the motion because the "guidelines just do not fit . . . what has occurred here." (J.A. 47.) In particular, the district court relied on the following circumstances: (1) Horton fled with his daughter and made no contact with his ex-wife for several weeks, causing the child's family to wonder whether she was even alive, (2) he relocated the child to Thailand, on the other side of the world, for fourteen months and had no intention of reuniting her with

3

her family, (3) he taunted his ex-wife by email, (4) he locked the child in her bedroom so that she would not escape, (5) he and a male companion sexually victimized the child, (6) the child was reunited with her family only due to a prolonged, diligent law enforcement campaign to locate her and apprehend Horton, and (7) expert testimony established that she would suffer lifelong trauma and need prolonged counseling. In addition, the district court considered Horton's contempt for the law (evidenced by his frequent criminal violations and violations of orders issued by the family court), his likelihood of further victimizing his daughter and her family, and the need to promote deterrence for this type of crime. The court sentenced Horton to the statutory maximum of 120 months in prison, four times the high end of his applicable guideline range. This appeal followed.

## II.

Horton contends that the district court failed to provide a sufficient justification for its substantial upward variance from the guideline range. He argues that the reasons relied on by the district court for imposing the 120-month prison sentence primarily involve conduct related to international parental kidnapping, a crime which carries a statutory maximum sentence of thirty-six months. Thus, in Horton's view, the district

4

court erred in arriving at a sentence that "is more than three times the statutory maximum he would have faced for parental kidnapping." Appellant's Br. at 7.

We review the district court's sentence for reasonableness under a "deferential abuse-of-discretion standard." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation omitted). "In assessing whether a sentencing court has properly applied the Guidelines, we review factual findings for clear error and legal conclusions de novo." United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010).

An out-of-guidelines sentence must be reviewed for both procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons or fails to make a necessary factual finding." United States v. Moreland, 437 F.3d 424, 434 (4th Cir. 2006), overruled on other grounds by Gall, 552 U.S. 38. On the other hand, "[a] sentence may be substantively unreasonable if the court relies on an improper [sentencing] factor or rejects policies articulated by Congress or the Sentencing Commission." Id.

Our review of Horton's sentence should "take into account the totality of the circumstances" in determining whether the district court's justification for imposing an out-of-guidelines

5

sentence is "sufficiently compelling to support the degree of the variance."  Gall, 552 U.S. at 50-51.  "[C]ommon sense dictates that a major departure should be supported by a more significant justification than a minor one."  United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in imposing the statutory maximum sentence.  The extraordinary facts found by the district court, summarized above, support a sentence significantly in excess of the advisory guideline range.  Horton's contention that his sentence would have been capped at thirty-six months had the government charged him with international parental kidnapping is beside the point.  A defendant may be charged and sentenced under the more punitive of two or more statutes that the defendant has violated.  See United States v. Batchelder, 442 U.S. 114, 125 (1979).  And in establishing a 120-month maximum sentence for passport fraud, Congress clearly contemplated that the circumstances of certain cases would be such that the offender deserves to be punished up to the maximum term.  We agree with the district court that this is such a case.  Congress's policy choice in setting the respective statutory maximum sentences for the offenses at issue here, which it is not our place to question, also serves to dispose of Horton's argument that a

6

sentence above the statutory maximum for international parental kidnapping creates an unwarranted sentencing disparity under 18 U.S.C. § 3553(a)(6).[*]

III.

We affirm the judgment of the district court.

AFFIRMED

---

[*] Horton also argues that the district court's sentence should not have been influenced by the fact that Horton was not going to face state criminal charges. In our view, however, any error was harmless given the other good and substantial reasons supporting the district court's sentence.

7